

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. 0-3843
Re: Validity of Corpus Christi
ordinance regulating hours
for sale of beer, and re-
lated questions.

We have given careful consideration to the seven ques-
tions which you have submitted to us relating to the Corpus
Christi ordinance regulating the sale of beer.

The Corpus Christi ordinance under consideration, ex-
clusive of the caption and emergency clause, reads as follows:

"SECTION 1. No person who may engage in the
sale of beer shall offer for sale or sell any beer
between the hours of One o'clock a.m. and Seven
o'clock p.m. on each and every day of the week,
including Saturdays and Sundays within the city
limits of the City of Corpus Christi, in Nueces
County, Texas.

"SECTION 2. That no person shall maintain
a place of business, or sell, or offer for sale,
any beer within the corporate limits of the City
of Corpus Christi where the place of business is
within three hundred (300) feet of any church,
school, or educational institution whatever, the
measurements to be along the property lines of the
street fronts and from front door to front door,
and to be measured in a direct line across the
intersections where they occur.

"SECTION 3. The Mayor and City Council of
the City of Corpus Christi are hereby authorized
and empowered to revoke the license of any person

Honorable Bert Ford, page 2

engaged in the business or occupation of selling, distributing, or disposing of beer, after giving such person ten (10) days notice of a hearing, and after holding such hearing for the purpose of determining whether or not such license should be revoked. Provided, however, that such power of revocation shall be exercised under the following conditions:

"(a) When disorderly or immortal practices are permitted on the premises, or spiritous, vinous, or malt liquors are illegally sold on said premises.

"(b) Where said place of business sells, or offers for sale, any beer in violation of the terms of this ordinance.

"SECTION 4.
"(a) The term 'beer,' as used herein, means a malt beverage containing one-half (1/2) of one per cent (1%) or more of alcohol by volume and not more than four per cent (4%) of alcohol by weight, and shall not be inclusive of any beverage designated by label or otherwise by any other name than by beer.

"(b) The term 'person' as used herein, means and refers to any natural person or association of natural persons, trustees, receiver, partnership, corporation, organization, or the manager, agent, servant or employee of any organization.

"SECTION 5. In addition to the penalties hereinbefore provided, any person found guilty of violating the terms of this ordinance shall be fined in any sum not less than Five Dollars ($5.00), nor more than Two Hundred Dollars ($200.00); and each and every violation shall constitute a separate offense.

"SECTION 6. Nothing contained herein shall authorize any person to do or perform any act which may be prohibited by law.

"SECTION 7. If any section or provision of any section of this ordinance shall be held to be void,

ineffective or unconstitutional, the holding of
such section or provision of any section to be
void, ineffective or unconstitutional for any
cause whatsoever, shall not affect the validity
of the remaining sections and provisions of this
ordinance.

"SECTION 8. All ordinances or parts of or-
dinances in conflict herewith shall be, and are
hereby, repealed."

The fundamental problem underlying all of the ques-
tions submitted by you is this: in what particulars and to what
extent may the City of Corpus Christi regulate the sale of alco-
holic beverages consistent with the Texas Liquor Control Act
(Article 666 and 667, Penal Code of Texas, 1925, as amended),
which is a comprehensive legislative enactment covering the sub-
ject?

It is elementary that all city ordinances, whether the
cities have home rule or special charters, must conform to the
Constitution and the State law. Any city ordinance which is in
conflict with a state statute covering the same subject is void.
City of Lubbock v. Southplain Hardware Co., 111 S. W. (2d) 343;
City of Wichita Falls v. Continental Oil Co., 117 Tex. 256, 1
S. W. (2d) 596; Berry v. City of Ft. Worth, 124 S. W. (2d) 842;
City of Houston v. Richter, 157 S. W. 189; City of Graham v.
Seal, 235 S. W. 668; 30 Texas Jurisprudence 301, Sec. 167 and
authorities cited therein. This general rule has been well ex-
pressed by Davidson, P. J., speaking for the Court of Criminal
Appeals of Texas in Ex parte Goldburg, 200 S. W. 386, at page
387:

"There are a few general propositions which
seem to be well understood as the law, which may
be stated as follows: A business which is author-
ized by the state law cannot be prohibited by city
ordinance directly or indirectly. A business which
is regulated by the state cannot be prohibited by
the city either by express enactment or by prohibi-
tory regulation. A business regulated by the state
cannot be regulated by the city, otherwise than by
grant of power to such city in the charter passed
by the Legislature for the purpose of such regula-
tion. Nor can such regulation be otherwise than
in accord with the state law. It cannot be in

violation of or in conflict with the state law or
any provision of the Constitution. Penalties un-
der ordinances, if the ordinance is the same as
the state law, must conform strictly to penalties
prescribed by the state law. Such penalties can-
not exceed or fall below the penalties prescrib-
ed by the state law; that is, where the ordinance
pertains to the same matter as that enacted by
the Legislature."

A careful study of the Texas Liquor Control Act will
reveal that it has covered the field of regulation of the sale
of alcoholic beverages in almost every conceivable respect and
in the minutest detail, expressly granting, however, to the local
authorities the power of independent regulation in the follow-
ing limited respects:

(1) To prohibit the sale of all alcoholic beverages
within 300 feet of any church, public school or public hospital.
This power is expressly granted by Section 25 (a) of Article I:

"The Commissioners' Court of any county in
the territory thereof outside incorporated cities
and towns and the governing authorities of any
city or town within the corporate limits of any
such city or town may prohibit the sale of alco-
holic beverages by any dealer where the place of
business of any such dealer is within three hun-
dred (300) feet of any church, public school or
public hospital, the measurements to be along the
property lines of the street fronts and from front
door to front door and in direct line across in-
tersection where they occur."

(2) Cities are expressly given the power to regulate
the hours of sale of beer and to zone the city for such sales
by Section 10½ of Article II:

". . . All incorporated cities and towns are
hereby authorized to regulate the sale of beer with-
in the corporate limits of such cities and towns
by charter amendment or ordinance and may thereby
prescribe the opening and closing hours for such
sales; such cities and towns may also designate
certain zones in the residential section or sec-
tions of said cities and towns where such regula-

Honorable Bert Ford, page 5

tions for opening and closing hours for the sale
of beer shall be observed or where such sales may
be prohibited."

(3) Section 24 of Article I, empowers cities by char-
ter amendment to prescribe zones wherein liquor may not be sold.
See Pitre v. Baker, 111 S. W. (2d) 359, and Tritico v. Texas
Liquor Control Board, 126 S. W. (2d) 738.

(4) Cities are expressly authorized to collect fees
by Section 15 (a) of Article I, which reads in part:

". . . and the city or town wherein the
permittee is domiciled shall have the power to
levy and collect a fee not to exceed one-half
of the State fee. . . ."

With this preliminary discussion, we shall turn to
a consideration of the specific questions which you have ask-
ed.

Question 1:

"Has the adoption of the ordinance by the
City of Corpus Christi, restricting the sale of
beer as to certain hours, legally prohibited the
sale of malt and vinous liquors which may other-
wise be sold at all hours under a Supplementary
License?"

Section 10 (a), Article II of the Texas Liquor Con-
trol Act, provides in part as follows:

"It shall be unlawful for any person to sell
beer or offer same for sale between the hours of
12:00 o'clock midnight and 7:00 A.M. of any day
or from and after 12:00 o'clock midnight Saturday
until 7:00 A.M. Monday of the following week; pro-
vided, however, that any holder of a Retail Deal-
er's License or a Wine and Beer Retailer's Permit
shall, upon showing to the satisfaction of the
County Judge that he is engaged also in the sale
of food and other commodities for human consump-
tion, and that the sale of beverages for which a
license is required does not during such prohibit-
ed hours normally in the course of any one week's

Honorable Bert Ford, page 6

time amount in dollars and cents to more than the sale value of food and other commodities for human consumption sold by such licensee during such hours, be entitled without being required to pay any fee therefor, to a supplementary license authorizing him to sell *such beverages* during any hour of any day. . .." (emphasis ours)

The first part of the foregoing provision (in the absence of a supplementary food-handler's license) forbids the sale of beer between 12:00 o'clock midnight and 7:00 A.M. and on Sundays in the same manner that the sale of liquor (which by definition includes ale and wine) is forbidden by Section 25 of Article I. The proviso contained in Section 10a, however, permits the holder of a supplementary food-handler's license to sell at all times whatever beverages he is authorized to sell under his basic license. If the basic license be a Retail (beer) Dealer's License, the holder may sell beer at all times; if the basic license be a Wine and Beer Retailer's Permit, the holder may sell at all times the beverages included in such permit, i.e., beer, ale and wine containing not more than fourteen (14%) per cent of alcohol by volume. That the supplemental license applies to ale and wine as well as beer is indicated by the underscored words in Section 10 (a) quoted above.

The rights conferred by a supplemental food-handler's license to sell at all hours, is subject to curtailment, however, by reasonable local regulations expressly authorized by Section 10½, supra. In other words, the right conferred by a supplemental license is a conditional right which may be limited by city ordinance.

Section 1 of the Corpus Christi ordinance prohibits the sale of beer within the city limits between the hours of 1:00 A.M. and 7:00 A.M. This appears to be a reasonable exercise of the authority expressly granted to the City by section 10a, supra. That such an ordinance is valid under the circumstances is supported by the opinion of the Court of Criminal Appeals in Ex parte Brewer, 152 S. W. 1068, wherein the court sustained a Dallas ordinance requiring pool halls to be closed between midnight and 5:00 A.M. and on Sunday. The opinion reads in part:

". . . Of course, as the state licenses pool and billiard halls, if a city should seek, by this

Honorable Bert Ford, page 7

means, to prohibit them entirely, such ordinances would be invalid. The regulations must be reasonable, and not unnecessarily impair the right given by the state under the license issued. Are the hours fixed in which pool halls must remain closed unreasonable? Experience has shown that during the hours between midnight and daylight were the hours in which the lawless element to a great extent would gather in and around saloons, and breed crime, consequently the Legislature, in the exercise of the police power, closed the saloons during those hours. Since the saloons have closed these elements have gathered around pool and billiard halls in the cities, and the same reasoning perhaps which caused the Legislature to close the saloons during these hours would move the legislative bodies of the cities and towns to close the pool and billiard halls during the same hours. As held by this court in Ex parte Patterson, 42 Tex. Cr. R. 260, 58 S. W. 1013, such regulations must be reasonable, but when reasonable, and not prohibitory, or too restrictive, cities are authorized to adopt such regulations. In that case it is said 'that not only the state itself, but counties and cities,' are authorized to raise revenue therefrom, but this did not deprive the cities of the power to regulate them within reasonable bounds."

The Corpus Christi ordinance, by its terms, purports to restrict the hours of sale only as to beer. The authority granted to the city by Section 10½, supra, to pass such an ordinance is expressly limited to beer. However, all "restrictions. . . as to prohibited hours," etc., whether provided by state law or city ordinance, apply with equal force to all beverages which may be sold under a Wine and Beer Retailer's Permit by the express terms of Section 15, subsection (16) of Article I, which reads in part:

"The holders of Wine and Beer Retailer's Permits shall be subject to all provisions of Section 22, Article II of this Act. All alcoholic beverages which the holders of such permits are authorized to sell may be sold with the same restrictions as provided in Article II governing the sale of beer, as to prohibited hours, local restrictions, age of

employees, installation or maintenance of barriers
or blinds in openings or doors, prohibition of the
use of the word 'saloon' in the signs or advertis-
ing, and subject to the same restrictions upon con-
sumption of wine as provided for beer in the case
of Retail Beer Dealer's in Section 15 of Article
II of this Act. For the violation of any appli-
cable provisions of Article II the holders of such
permits shall be liable for the penalties provid-
ed in Article II; for the violation of any other
provisions of this Act the holders of such permits
shall be subject to penalties provided in Article
I of this Act." (Emphasis ours)

The effect of the foregoing provision is unquestion-
ably to incorporate by reference all restrictions which may be
applied to the sale of beer by virtue of Article II, and parti-
cularly Sections 10 and 10½ thereof into the conditions of a
Wine and Beer Retailer's Permit as provided in Section 15, sub-
section 16 of Article I. Wine and ale may therefore be sold
only at such times and with the same restrictions as apply to
beer. Since the sale of beer has been prohibited between 1:00
A.M. and 7:00 A.M. by the Corpus Christi ordinance pursuant to
the authority conferred upon the city by section 10½, it follows
that the sale of wine and ale has been similarly prohibited by
virtue of the fact that Section 15, subsection 16 of Article I,
incorporates such restriction and makes it apply in like manner
to the sale of wine and ale.

Question 2:

"If it is your advice that the adoption of
the city ordinance has actually restricted the
hours for the sale of alcoholic beverages other
than beer, then will you please set forth the stat-
utory authority under which a complaint may be
drafted for violation of law as to the sale of
such alcoholic beverages during prohibited hours."

A sale of beer between 1:00 A.M. and 7:00 A.M. in Cor-
pus Christi would constitute a violation of the city ordinance
and the prosecution therefor would be in the corporation court.
A sale of wine or ale during such hours would constitute a vio-
lation of Section 15, subsection 16 of Article I of the Texas

Liquor Control Act by virtue of the city ordinance enacted under Section 10½ of Article I, having become a part thereof, and prosecution therefore would be in the county court, and the penalty would be that provided in Section 26 of Article II, to-wit:

> "Any person who violates any provision of this Article shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500) or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment."

Question 3:

> "Section 2 of the Corpus Christi ordinance restricts the selling of beer within the corporate limits of the City of Corpus Christi within the three-hundred-foot spacing limitations provided by Section 25 (a), Article I of the Texas Liquor Control Act, above quoted. The Liquor Control Act provides that such restrictions may be imposed as to the sale of 'alcoholic beverages.' In Section 3-a, Article I of the Texas Liquor Control Act, alcoholic beverages are defined to mean beverages containing more than one half of one per cent of alcohol by volume, which is an all-embracing term including beer, wine and other types of liquor. By confining the restrictions to the sale of beer only in variance to the law authorizing the imposition of restrictions to the sale of 'alcoholic beverages,' is Section 2 of the Corpus Christi city ordinance valid?"

It is. The ordinance is not invalid by reason of the fact that it is an exercise of only a part of the authority granted to the City by Section 25 (a). By that section the city is empowered to prohibit the sale of all alcoholic beverages within 300 feet of any church, public school or public hospital. "Beer," is by definition (Section 1 (b) of Article II) embraced within and a part of what is covered by the term "Alcoholic Beverage" (Section 3-a, Article I). The city may legally prohibit the sale of only beer within the 300 foot zone

Honorable Bert Ford, page 10

without at the same time prohibiting the sale of all alcoholic beverages. As was said by the San Antonio Court of Civil Appeals in City of Brenham v. Holle & Seelhorst, 145 S. W. 345 (writ of error refused), at page 347:

"We do not understand that when a grant of power is made by the Legislature, an ordinance in pursuance thereof must be in the very language of the statute, nor that all the power contained in such grant must necessarily be exercised. Where authority is given to require the entire building to be made of fireproof materials, an ordinance requiring the walls alone to be made of such material would be authorized because it would not exceed the grant of authority."

Question 4:

"Section 3 of the ordinance provides that the City Council of the City of Corpus Christi may revoke the license of any person engaged in the occupation of selling, distributing or disposing of beer after notice and hearing for certain stipulated causes. Does the receipt issued by a city upon the payment of a license fee or tax imposed by such city constitute a license subject to revocation by proper city authorities?"

The Texas Liquor Control Act expressly authorizes cities to collect fees from persons licensed by the Liquor Control Board (Section 15 (a)) and cities are expressly authorized to regulate the sale of intoxicating beverages in the four particulars enumerated at the beginning of this opinion. Having been given the power to regulate the sale of beer in the manner provided in Sections 1 and 2 of the Corpus Christi ordinance, the city may provide penalties for violations of said provisions. In the instant ordinance two separate penalties have been provided: (1) revocation of the city license upon notice and hearing by Section 3, and (2) a fine of $5.00 to $200.00 upon conviction by Section 5 of the ordinance. We believe that both of these penalties are proper and valid in the enforcement of these police regulations which are clearly within the jurisdiction of the city although the state may likewise require a license in the premises.

In City of Graham v. Seal, 235 S. W. 668, the Waco Court of Civil Appeals declared at page 671:

"But we believe that it would be within the province of the city to require any applicant who operates a motor vehicle within the city that he also take out a chauffeur's license under the state law, as well as a license under the city ordinance. Such a requirement would be reasonable as a public safeguard."

A situation analagous to the one confronting us was before the Galveston Court of Civil Appeals in Zydias Amusement Co. v. City of Houston, 185 S. W. 415 (writ of error refused) wherein the court held that the Houston ordinance requiring a permit from the municipal board of censors before any motion picture or vaudeville entertainment could be shown, was not in conflict with the State law prohibiting the exhibition of indecent obscene and immoral pictures. Said the court, at page 419:

"The Legislature has not undertaken to cover the whole subject-matter covered by the ordinance in question. The contention of appellants proceeds on the theory that the Legislature has undertaken to cover the field of regulation of moving pictures and other kindred exhibitions, thus excluding from the field the operation of municipal power and authority. No such condition exists, but, on the contrary, the state merely by one act provides for the amount of occupation tax that shall be paid to the state by a moving picture show, and by another act, passed in 1911, denounces the exhibition of indecent, immoral and obscene pictures."

It is a common and long-sanctioned practice for cities to enforce various regulations by means of the granting and revoking of licenses. In Ex parte Wade, 146 S. W. 179, the Court of Criminal Appeals of Texas approved a municipal ordinance which prescribed a license for merchants of meat, fruit, vegetables and provided for revocation of that license upon certain conditions. The court quoted with approval from 25 Cyc. 602:

Honorable Bart Ford, page 12

"It is a generally received doctrine that the power granted to a municipality to regulate or prohibit includes the power to license as a means to those ends."

The opinion of the court likewise contains the following quotation from 2 Smith's Municipal Corporations, 1385:

"One of the methods employed in the exercise of the police power vested in municipalities is that of regulation of the business, vocation, or employment in which persons and corporations engage in the corporate limits. Any occupation which is of such a nature and character as to be liable to create a nuisance, and thus become an annoyance and inconvenience to the general public, is a legitimate subject for police regulation, if it is reasonable. The right to regulate exists where the business or occupation is legal in itself, but where a certain degree of restraint is necessary in the interest of public health, morals, and general welfare. The regulation of a business or occupation is usually, and most effectually, accomplished by means of issuing a license provided for by ordinance, which is subject to cancellation for a violation of the terms and conditions."

In reply, then, to your fourth question, we are of the opinion that the City of Corpus Christi may validly provide by ordinance for the revocation of a beer license issued by the city, as is done by Section 3 of the instant ordinance, when upon notice and hearing it appears that the licensee has violated the terms of the ordinance, which, as in the instant case, imposes regulations which the city is authorized to make. In the ordinance submitted to us, which is copied above, there is no provision for the granting of city licenses to beer retailers. We assume that such provision has been made in another ordinance of the City of Corpus Christi.

Question 5:

"Is Section 3 of the Corpus Christi city ordinance valid, authorizing the Mayor and City Council of the City of Corpus Christi to revoke the license

Honorable Bert Ford, page 13

of a person engaged in the business or occupation
of selling beer when such revoking authority has by
law been vested in the Texas Liquor Control Board?"

We do not construe the ordinance to mean that the Mayor
and City Council of Corpus Christi are given authority to revoke
any license issued by the Texas Liquor Control Board; but only a
license issued by the city. The city could have power to revoke
only such licenses as it has power to grant.

Question 6:

"Since Section 7 of the ordinance provides a
savings clause, is it your opinion that the ordi-
nance is valid in whole or in part, and, if so, to
what extent?"

For the reasons set out above it is our opinion that the
ordinance is valid as to all its parts.

Question 7:

"Is it your opinion that a city may by ordi-
nance impose restrictions as to the hours of sell-
ing of malt and vinous liquors not exceeding four-
teen per cent by volume, exclusive of beer?"

As heretofore stated in connection with question 1, the
authority given cities to restrict hours of sale in Section 10½
of Article II is expressly limited to beer, and consequently
cities may not by ordinance exceed that authority, albeit, when
such ordinance is passed restricting the hours of sale of beer,
the hours for the sale of all malt and vinous liquors not ex-
ceeding fourteen percent by volume are ipso facto likewise res-
tricted under Section 15, subsection (16) of Article I of the
Texas Liquor Control Act by operation of law.

We wish to express our appreciation for the helpful
discussion of the problem contained in the letter of R. Briscoe
King, City Attorney of Corpus Christi, copy of which you have
furnished us.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Walter R. Koch
Assistant

APPROVED NOV 19 1941

FIRST ASSISTANT
WRK:AJ ATTORNEY GENERAL